STATE, WILLIAM J. DAVIS, PROSECUTOR, v. THE TOWN OF HARRISON.

1. The power of a municipal corporation to contract with a water company for a supply of water for extinguishing fires, &c, for a term of years, granted by the act of March 15th, 1881, (*Pamph. L., p.* 118,) is expressly limited to a term not exceeding ten years. A contract for twenty years would be without authority, and void.

2. If a municipal corporation, in granting consent to the organization of a company for constructing water-works for the purpose of supplying the town with water, under the provisions of the act of April 21st, 1876, (*Rev., p.* 1365,) annex thereto a stipulation for a contract to take the water at a specified price for twenty years, having no authority except that derived from the act of March 15th, 1881, the stipulation is without authority and void, and the whole proceeding vitiated thereby.

3. When a municipal corporation has a clerk whose duty by law is to keep the records thereof, unless council otherwise direct, such officer is the mere agent of the corporation, and his custody is that of the corporation. The municipal corporation is, therefore, in legal contempla-

tion, the custodian of such records, and a writ of *certiorari* to bring up such records is properly directed to it. A return under its direction by such officer is correctly made.

On September 4th, 1882, George H. Pierson made a proposition in writing to the common council of the town of Harrison, and thereby offered to construct suitable water-works to supply the town with water for fire protection and domestic purposes. He also proposed to organize a stock company for that purpose, and to do the work in a specified manner and before a fixed time. The proposition was made on certain provisos, one of which stipulated that the town should contract to pay $3000 annually for the use of water for fire purposes, and another provided that such contract should be in force for the term of twenty years from the date of signing.

On September 18th, 1882, council adopted a resolution accepting the tender of Pierson, and directing the president of council to sign a contract with Pierson and his assigns in accordance with the terms of the proposal.

On September 30th, 1882, council adopted the following resolutions :

"*Resolved*, That the consent of the town of Harrison, and the common council of said town of Harrison, in the county of Hudson and State of New Jersey, be and the same is hereby given to Peter Hauck, George H. Pierson, Sandford S. Murphy, Andrew Kerr, Andrew H. McNeal, James Johnston and Schuyler B. Jackson, George G. Hardy, of Kearny, or any seven of said persons above named, to associate themselves as a body politic and incorporate, under the name of the East Newark Water Company, for the purpose of constructing, maintaining and operating water-works, for the purpose of supplying the town of Harrison and the inhabitants with water, in pursuance with the provisions of 'An act for the construction, maintenance and operation of water-works for the purpose of supplying cities, towns and villages of this state with water,' approved April 21st, 1876, by the legisla-

ture of the State of New Jersey, and the various supplements thereto.

"*Resolved,* That the consent of the town of Harrison, and the common council of said town, be and the same is hereby granted to the said East Newark Water Company to lay its pipes beneath such public roads, streets, avenues and alleys in said town as they may deem necessary, in accordance with the provisions of the act entitled 'An act for the construction, maintenance and operation of water-works for the purpose of supplying cities, towns and villages with water,' approved April 21st, 1876, and the various supplements thereto, passed by the legislature of New Jersey; provided, and it is expressly understood and agreed, that the streets to be used in said town of Harrison by said water-works company shall be designated by the common council of the town of Harrison, and the town do hereby consent that only five miles of pipes shall at this date be placed or used by said company, and that no more than said number of miles of pipes shall be placed in said streets till the further resolution of the said council; and that the security for said privileges or franchises given to said company by the said town of Harrison are the franchises, buildings, pipes and property held by the said water company, which are to be entirely erected, maintained and operated at said company's expense, and in accordance with the proposition of George Pierson, engineer, hereto annexed, and at this meeting accepted by the common council, and this resolution is passed with the understanding that said proposition is to be strictly adhered to in every particular by said company so to be incorporated, and by said town."

On October 3d, 1882, a certificate of organization, signed by nine persons, (of whom Pierson was one,) was filed in the office of the secretary of state. The signers certified that they associated themselves together, under the provisions of the act entitled "An act for the construction, maintenance and operation of water-works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876, (*Rev., p.* 1365,) and the supplements thereto. The cor-

porate name adopted was the "East Newark Water Company," and the object of the company was declared to be to construct, maintain and operate water-works for the supply of the towns of Harrison and Kearny with water, under said act.  The certificate, when filed, had appended thereto the resolutions of September 30th, 1882, above set forth, and the proposition of Pierson.

The writ brings up the resolutions of council and the proposition.

Argued at November Term, 1883, before Justices KNAPP, DIXON and MAGIE.

For the prosecutor, *F. W. Stevens.*

For the town of Harrison and the East Newark Water Company, *J. Frank Fort.*

The opinion of the court was delivered by

MAGIE, J.   The proceedings brought here by this writ are based upon an act of the legislature approved April 21st, 1876, (*Rev., p.* 1365,) and other acts supplementary or cognate thereto.   The original act, by section 1, gave authority to any persons not less than seven, a majority of whom should reside in this state, to form a company for the purpose of constructing, maintaining and operating water-works in any city, town or village having a population of not more than fifteen thousand and not less than two thousand inhabitants.   By a supplement approved March 10th, 1880, this section was so amended as to grant like powers with respect to water-works in any city, town, village or seaside resort having a population of not more than fifteen thousand and not less than five hundred inhabitants.   *Pamph. L.* 1880, *p.* 273.

The town of Harrison possesses corporate powers by virtue of "An act to revise and amend the charter of the town of Harrison," approved March 6th, 1873.   *Pamph. L., p.* 265. Among the powers granted is one "to provide water for ex-

tinguishing fires," (section 22, paragraph 19,) and another to raise by tax in each year such sum as the common council deem expedient (among other things) "for supplying the town with water for the extinguishment of fires." Section 42.

By another act, approved March 15th, 1881, it is enacted that it shall be lawful for the governing body of any municipal corporation in this state to make a contract with any existing water company, for a year or term of years, for the obtaining and furnishing of a supply of water for the purpose of extinguishing fires, and for such other public uses and purposes as may be found necessary or convenient, and the money agreed to be paid shall be yearly assessed and levied by tax in the same manner as other taxes are assessed and levied; but it is expressly provided that no such contract shall be made for a period longer than ten years in any one term. *Pamph. L.* 1881, *p.* 118.

Upon these facts prosecutor contends that the resolutions of the common council of Harrison are in excess of their authority. This contention was most strenuously urged on the ground of the unconstitutionality of the act of 1876, which prosecutor claims is prohibited by the provisions of the amended constitution which forbid the enactment of special laws, either conferring corporate powers or regulating the internal affairs of towns. A question of that character ought not to be passed upon unless essential to the determination of this case. There is another objection which is decisive of the present contest, therefore no opinion will be expressed on the constitutional question.

The resolution objected to purports to give the consent of the town of Harrison (1) to the association of certain persons as a body corporate, under the name of the East Newark Water Company, for the purpose of supplying that town and its inhabitants with water, in pursuance of the provisions of the act of 1876 and its supplements; and (2) to the laying down, by said company, of pipes beneath the streets of said town. The first particular of this consent seems to be an indispensable prerequisite to the incorporation of a company

under the act of 1876. By section 2 it is provided that the certificate of organization must be accompanied, when filed, with " the consent, in writing, of the corporate authorities, if any, of the town or city proposed to be supplied with water." By section 3 it is provided that when such certificate and consent are filed, the persons certifying become a body corporate.

The second particular of the consent is required by section 12, which gives authority to lay pipes under the public roads only on consent of the corporate authorities, if any there be, of any town through which the same may be laid.

If the consent to these particulars was given without condition, and if the act is not objectionable for unconstitutionality, nothing appears to indicate that the town of Harrison was exceeding its power in so consenting. But the consent is expressly given upon a proviso in the nature of a condition, which professes to obligate the company and the town to the performance of every particular contained in the proposition of Pierson annexed thereto. This proposition provided that the town should contract to take the water for fire purposes; to pay $3000 annually therefor; to raise that sum in the tax levy of each year, and that such contract should continue for twenty years. The condition annexed to the consent imposes this obligation on the new company.

The question of the power of a municipal corporation, required by law to give consent before an act may lawfully be done, to annex conditions to such consent, was discussed in *Jersey City and Bergen Railway Co.* v. *Jersey City and Hoboken Horse Railway Co.*, 5 C. E. Green 61. The conclusion reached by Chancellor Zabriskie was that the right to impose such conditions extended to the subject matter on which consent was required. He expressed the opinion that such a right would not extend to conditions affecting the exercise of charter powers with respect to which consent was not required. This, in my judgment, is a correct exposition of the law on the subject. Thus, I think the town of Harrison might well annex to its consent to lay pipes conditions providing for their being laid so as to preserve, as far as possible, the public

use of the streets, and requiring them to be put in complete repair. But if compelled to apply the rule above stated to the condition annexed to the consent to organize this company, I should not find it easy to determine whether the town could thus impose on the company an obligation to furnish water at specified rates. On one hand, such a condition seems to restrict the right of the company to sell water expressly given by section 13 of the act; on the other hand, it is difficult to perceive why consent of the municipal corporation was made requisite unless to enable it to provide against exorbitant charges on the part of the company, which, after consent once given, would practically be possessed of a monopoly, and could exact what terms it chose.

But this question was not discussed and need not be decided. For if the town was without power to impose this condition on the company, the consent itself, which was given on this condition, and is inseparably connected with it, must fall with it. If the town possessed such power, there remains an insuperable objection to the resolution.

By the terms of the condition the town agrees to take the water at a specified rate and for twenty years.

It was not contended, on the argument, that the town had acquired power to make such a contract under its charter. The power thereby granted seems limited to an annual raising of so much money for such purposes as each successive council should deem expedient. The power in this town to make such a contract was placed solely on the provisions of the act of 1881, above referred to. No other act was cited or has been found giving such power. While that act does give such power, it expressly limits its exercise to a period of ten years. A contract of this sort for twenty years is therefore without authority. And this unauthorized stipulation is, by this condition, made part of the consent. In my judgment, they are not severable, but must stand or fall together.

It was intimated rather than urged, that since the town has power to make such a contract for ten years, the resolution may be upheld for that term and set aside as to the excess.

When objectionable parts of ordinances are severable from the rest, and unessential, they will be disregarded. But when void parts are essential, and connected with the remainder of the ordinance, the whole is void. *State, Chamberlain, pros.,. v. Hoboken*, 9 *Vroom* 110; *Staats* v. *Washington*, 16 *Vroom* 318; *Siedler* v. *Chosen Freeholders*, 10 *Vroom* 632.

In this case the resolution forms, with its condition, one complete act of this municipal body. It is impossible to say that the stipulation for a twenty years' contract is not an essential part of the act inseparably connected with the remainder. On the contrary, I think it must be treated as incapable of severance. The resolution must therefore be set aside, with costs.

A preliminary objection was made by defendant which cannot prevail. It relates to the regularity of the writ and return. The writ was directed to the town of Harrison by its corporate name. The return is made by its clerk. That officer is required by section 27 of its charter to have charge of the records of the town unless the council otherwise direct. The contention is that the writ should have been directed to the clerk as custodian of the record, and that the error is fatal.

The rule is that the writ should be directed to the person who, in legal contemplation, has the custody of the record to be certified. *Morris Canal* ads. *State*, 2 *Green* 411; *Kirkpatrick* v. *Commissioners*, 13 *Vroom* 510. But this has never been construed as requiring the writ to be directed to a mere subordinate officer of a court or a municipal corporation, though he may be in actual possession of the record. His custody is that of the court or corporation whose officer he is. The practice, therefore, is to direct the writ to the principal, and not to the mere agent. In this case the record was, in legal contemplation, in the custody of the town when in the possession of its clerk. The writ was therefore properly directed to the town of Harrison, and the return, presumably made under its direction, is entirely correct.